## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY LALL, | : | Civil No. 1:20-CV-01018 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| ANGELA HOOVER, *et al.*, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Martin C. Carlson |

| | | |
|---|---|---|
| GARY LALL, | : | Civil No. 1:20-CV-01063 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | Judge Jennifer P. Wilson |
| WARDEN OF CLINTON COUNTY CORRECTIONAL FACILITY, | : | |
| | : | |
| | : | |
| Respondent. | : | Magistrate Judge Martin C. Carlson |

## MEMORANDUM

These two cases come before the court for review of a consolidated report
and recommendation issued by United States Magistrate Judge Martin C. Carlson.
The first case, *Lall v. Hoover*, No. 1:20-CV-01018 (M.D. Pa. filed June 19, 2020)
[hereinafter *Lall I*], is a civil rights case arising from allegedly unconstitutional
conditions of confinement at Clinton County Correctional Facility ("CCCF"). The
second case, *Lall v. Warden Clinton County Correctional Facility*, No. 1:20-CV-
01063 (M.D. Pa. filed June 24, 2020) [hereinafter *Lall II*], is a habeas corpus
petition seeking release from CCCF. Judge Carlson recommends that the court

dismiss *Lall I* for failure to prosecute and recommends that the habeas corpus petition in *Lall II* be denied.  Plaintiff/Petitioner Gary Lall ("Lall") has filed objections to both recommendations.  For the reasons that follow, the objections are overruled and the report and recommendation is adopted.

## BACKGROUND AND PROCEDURAL HISTORY

The procedural history of these two cases began on June 19, 2020, when a document styled as a "motion for mandatory temporary restraining order and injunction" was filed on behalf of thirty-nine detainees in CCCF.  (*Lall I*, Doc. 1.) The document, which was sixty-four pages long, provided a sprawling narrative of various aspects of the conditions of confinement at CCCF that were purportedly unconstitutional.  (*Id.*)  Although the main theme of the document was that CCCF was not adequately protecting detainees from the risks posed by COVID-19, the document also alleged that CCCF: (1) did not have adequate products or facilities for detainees to maintain their personal hygiene; (2) did not provide adequate laundry facilities; (3) did not provide adequate medical care and falsified medical records; (4) denied detainees the right to practice their religions; (5) did not provide adequate law library resources; (6) did not provide adequate phone access to detainees; (7) did not provide adequate infrastructure for detainees to lodge complaints or grievances; (8) price-gouged detainees for commissary items; (9) denied detainees nutritionally balanced meals and denied religious meals to

Muslim detainees; (10) did not provide clean water for drinking or bathing; and (11) did not provide adequate personal space for each individual detainee. (*Id.*) The document complained of these issues as general issues affecting all detainees in CCCF and provided sparse details as to how the individual plaintiffs were affected by the allegedly inadequate conditions of confinement. (*Id.*) Of particular relevance to the current cases, the document provided no details as to how Lall was personally harmed by the alleged conditions in CCCF. (*Id.*)

Given the large number of individual plaintiffs named in the document that originated *Lall I*, this district made the administrative decision to split the case into thirty-nine separately docketed cases, which the district then referred to Judge Carlson for all pretrial management. Judge Carlson issued a joint case management order across all thirty-nine cases on June 23, 2020, in which he noted that none of the individual plaintiffs had filed motions for leave to proceed in forma pauperis and that none of them had filed complaints. (*Lall I*, Doc. 6.) Judge Carlson accordingly set a deadline for each individual plaintiff to file a motion for leave to proceed in forma pauperis or pay the filing fee and set a separate deadline for each individual plaintiff to file a complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. (*Id.*) Failure to comply with those directions, Judge Carlson warned, could result in involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41. (*Id.* ¶ 4.)

Although Lall had not filed a complaint at the time Judge Carlson issued the case management order, he had filed a motion for release or bail under 28 U.S.C. § 2241 on June 22, 2020.  (*Lall I,* Doc. 5.)  Judge Carlson construed this motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 on June 24, 2020, and directed the Clerk of Court to docket the motion as a separate case.  (*Lall I*, Doc. 7.)  Judge Carlson further ordered Lall to pay the filing fee associated with the new case, ordered that a copy of Lall's filing be served on the United States Attorney, and set a corresponding briefing schedule.  (*Id.*)

In compliance with Judge Carlson's order, the Clerk of Court docketed Lall's filing as a petition for writ of habeas corpus, which initiated *Lall II* on June 24, 2020.  (*Lall II*, Doc. 1.)  In his habeas corpus petition, Lall seeks release from custody or bail pending a final decision in a separate appeal to the Third Circuit, which is docketed at *Lall v. United States Immigration & Customs Enforcement*, No. 20-2051 (3d Cir. filed May 26, 2020).  (*See Lall II*, Doc. 1.)  Shortly after Lall filed the petition for writ of habeas corpus that initiated *Lall II*, he filed a motion for release or bail with the Third Circuit, which also sought release from custody pending the disposition of the Third Circuit case.  *See Lall*, No. 20-2051, Doc. 6 (3d Cir. June 29, 2020).

On July 6, 2020, the court received payment from Lall of the $5.00 filing fee in *Lall II*.  Respondent then filed a response to the habeas corpus petition on July

4

23, 2020.  (*Lall II*, Doc. 8.)  On August 3, 2020, Lall filed a motion for extension of time in which to file a traverse in support of his habeas corpus petition, but mistakenly did so in *Lall I* rather than *Lall II*.  (*Lall I*, Doc. 12.)  Judge Carlson nevertheless granted the extension on the same day, *Lall I*, Doc. 13, and Lall then timely filed his traverse on August 13, 2020.  (*Lall I*, Doc. 15.)

On September 8, 2020, Lall filed a motion to supplement his conditions of confinement claim, seeking to add a claim that CCCF did not have adequate tables and chairs for detainees to sit and eat their meals.  (*Lall I*, Doc. 18.)  Lall then filed an "emergency motion to answer" his motion for release or bail, which the court construes as a motion to expedite disposition of his habeas corpus petition.  (*See Lall I*, Doc. 19.)

On October 5, 2020, Judge Carlson issued a consolidated report and recommendation that addressed Lall's claims in both *Lall I* and *Lall II*.  (*See Lall I*, Doc. 21; *Lall II*, Doc. 10.)  The report and recommendation recommends that Lall's claims in *Lall I* be dismissed for failure to prosecute given his failure to file a complaint or move for leave to proceed in forma pauperis.  (*See id.* at 6–12.)  The report and recommendation further recommends that Lall's petition for writ of habeas corpus in *Lall II* be denied.  (*Id.* at 12–27.)

Lall filed objections to the report and recommendation on October 22, 2020. (*Lall I*, Doc. 26.)  Lall's objections address Judge Carlson's recommendations in

both *Lall I* and *Lall II*, but Lall erroneously docketed the objections only in *Lall I*. (*See id.*)  This court accordingly ordered the Clerk of Court to re-docket the objections in *Lall II* on October 30, 2020, and allowed additional time for Respondent to respond to Lall's objections.  (*Lall II*, Doc. 11.)  Respondent timely filed a response on November 12, 2020.  (*Lall II*, Doc. 13.)  Lall then filed a reply brief in support of his objections on November 24, 2020, which was received by the court on November 30, 2020.  (*See Lall I*, Doc. 29; *Lall II*, Doc. 17.)  On the same day, Lall filed another emergency motion to rule on his motion for release or bail, which the court construes as a second motion to expedite disposition of his habeas corpus case.  (*See Lall I*, Doc. 28; *Lall II*, Doc. 16.)

After the report and recommendation and all corresponding objections and briefs were filed, the Third Circuit denied Lall's motion for release or bail that he had filed in his Third Circuit case, finding that release was not warranted because Lall's appeal "[did] not present extraordinary circumstances."  *See Lall*, No. 20-2051, Doc. 42 (3d Cir. Dec. 1, 2020).

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

The court will first address Judge Carlson's recommendation that *Lall I* be dismissed for failure to prosecute.  Under Federal Rule of Civil Procedure 41(b), a court may dismiss a case for a plaintiff's failure to prosecute the case.  When considering whether to dismiss for failure to prosecute, a district court must consider six factors, which are commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In this case, Judge Carlson recommends that *Lall I* be dismissed for failure to prosecute because Lall has failed to file a complaint and has failed to pay the filing fee associated with that case or file a motion for leave to proceed in forma pauperis. (*See Lall I*, Doc. 21 at 6–12; *Lall II*, Doc. 10 at 6–12.)  Lall objects to this recommendation, arguing that he has adequately prosecuted his case because he has filed briefs in support of his habeas corpus petition in *Lall II* and because he has responded to all briefs filed by Respondent in *Lall II*. (Doc. 26 at 9–12.)  Lall does not dispute the contention that he has failed to file a complaint or pay the requisite filing fee in *Lall I*, but he notes that he "has received nothing from the defendants moving this court to dismiss for failure to prosecute." (*Id.* at 11.)

Lall is correct that Defendants in *Lall I* have not moved to dismiss the case for failure to prosecute.[1]  A district court, however, does not need to wait for a

---

[1] Because Lall has not yet filed a complaint or paid the filing fee in *Lall I*, Defendants have not been served with process in that case.  They are, therefore, under no obligation to respond.

8

defendant to move to dismiss before it may dismiss a case for failure to prosecute. A district court has the inherent power to dismiss a case sua sponte when a plaintiff fails to prosecute the case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Roberts v. Ferman*, 826 F.3d 117, 122–23 (3d Cir. 2016).

Lall has failed to perform his most basic duties as a plaintiff: he has not filed a complaint, and he has not paid the requisite filing fee. Judge Carlson thoroughly analyzed these failures and concluded that dismissal for failure to prosecute was warranted. (*See Lall I*, Doc. 21 at 6–12; *Lall II*, Doc. 10 at 6–12.) The court sees no reason to depart from this well-reasoned conclusion and will accordingly adopt the report and recommendation to the extent that it recommends dismissing *Lall I* for failure to prosecute. *Lall I* will therefore be dismissed without prejudice.

Turning to Lall's petition for writ of habeas corpus in *Lall II*, the court notes that Lall seeks the limited habeas corpus relief of release from custody or bail pending the Third Circuit's decision in *Lall*, No. 20-2051. (*See Lall II*, Doc. 1 at 1.) This precise issue—whether Lall should be released pending the Third Circuit's decision—has already been decided by the Third Circuit. *See Lall*, No. 20-2051, Doc. 42 (3d Cir. Dec. 1, 2020). The court will therefore analyze whether habeas corpus relief in this case is barred by the issue preclusion doctrine.

The issue preclusion doctrine precludes a party from litigating an issue that was already decided in a prior case. *Karns v. Shanahan*, 879 F.3d 504, 514 n.3 (3d

Cir. 2018).  The doctrine applies when "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment."  *United States ex rel. Doe v. Heart Solutions, PC*, 923 F.3d 308, 316 (3d Cir. 2019) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992)).

There is some ambiguity as to whether a court may raise the issue preclusion doctrine sua sponte.  Nevertheless, both the Supreme Court and the Third Circuit have suggested that sua sponte preclusion of an issue may be appropriate in "special circumstances."  *Herrera v. Wyoming*, 587 U.S. __, 139 S. Ct. 1686, 1701 n.5 (2019); *Arizona v. California*, 530 U.S. 392, 412 (2000); *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009).  The Third Circuit has also upheld district court decisions raising issue preclusion sua sponte on multiple occasions.  *See Kokinda v. Pa. Dep't of Corrs.*, 803 F. App'x 574, 577 n.3 (3d Cir. 2020); *Ciarocchi v. Kennedy Mem. Hosp.*, 378 F. App'x 239, 241 (3d Cir. 2010).

Given the unique circumstances of this case—a petitioner seeks release from custody pending an appellate court's decision in a separate case, a report and recommendation addresses that issue, and the appellate court then decides the issue in the separate case before the court has addressed the report and recommendation —the court finds that it is appropriate to raise the issue preclusion doctrine sua

sponte to avoid unnecessary judicial waste.  *See Arizona*, 530 U.S. at 412 (noting that it may be appropriate for a court to raise issue preclusion sua sponte in some circumstances because the issue preclusion doctrine "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))).

Turning to the merits of the issue preclusion analysis, the court finds that the doctrine applies here and bars Lall from relitigating the issue of whether he should be released from custody pending the Third Circuit's decision.  The issue raised here and the issue raised in the Third Circuit case are identical: whether Lall should be released from custody pending the Third Circuit's decision.  *Compare Lall II*, Doc. 1, *with Lall*, No. 20-2051, Doc. 6 (3d Cir. June 29, 2020).  Lall actually litigated the issue through the filing of his motion for release or bail in the Third Circuit case, and the Third Circuit determined the issue through its December 1, 2020 order.  *See Lall*, No. 20-2051, Docs. 6, 42.  Finally, the issue was essential to the court's judgment, as the issue of whether Lall should be released was the only thing at issue in his motion for release or bail.  Thus, the court finds that it is appropriate to deny Lall's habeas corpus petition under the issue preclusion doctrine.

Moreover, regardless of whether the issue preclusion doctrine applies and whether it is appropriate for the court to raise the doctrine sua sponte, the court would still deny the habeas corpus petition for the same reason that the Third Circuit denied Lall's motion for release or bail.  Namely, because Lall's appeal to the Third Circuit does not present any "extraordinary circumstances" that would warrant release from custody pending appeal.  *See Lall*, No. 20-2051, Doc. 42 (3d Cir. Dec. 1, 2020) (citing *Elkimya v. Dep't of Homeland Sec.*, 484 F.3d 151, 153–54 (2d Cir. 2007)).

The court will therefore deny Lall's habeas corpus petition in *Lall II*. Because the court has reached that decision based on the Third Circuit's December 1, 2020 order in *Lall*, No. 20-2051, the court need not address the portions of Judge Carlson's report and recommendation addressing the habeas corpus petition. Those portions of the report and recommendation are accordingly moot.

CONCLUSION

For the foregoing reasons, Judge Carlson's report and recommendation is adopted, *Lall I* is dismissed without prejudice and the petition for writ of habeas corpus in *Lall II* is denied without prejudice.  An appropriate order follows.

s/Jennifer P. Wilson<br>JENNIFER P. WILSON<br>United States District Court Judge<br>Middle District of Pennsylvania

Dated: December 9, 2020

12